WELLS, et al. *v.* CITY OF JACKSON.

No. 39491        February 21, 1955        77 So. 2d 925

*B. D. Wade,* Jackson, for appellants.

*E. W. Stennett, W. T. Neely,* Jackson, for appellee.

HALL, J.

Appellants are the owners of residences situated in subdivisions just outside the corporate limits of the City of Jackson. They are supplied with water by the City pursuant to Section 3577, Code of 1942. Within these subdivisions there are sewer lines which collect the sewage into mains. These mains, in turn, lead to the corporate limits of the City at which point they con-

nect to a sewerage outfall system constructed and owned by the City which runs all the way across the City, a distance of 6.2 miles in length, where it terminates by emptying into Pearl River. On September 29, 1953, the City adopted an ordinance levying a charge on all persons outside the corporate limits for the use of the City's sewer system which charge is equal to fifty per cent. of the monthly water bill. Thereafter the City began billing the property owners for this charge and they filed this suit challenging the validity of the ordinance in question and praying for an injunction to restrain the City from enforcing the ordinance or interfering with their use of the City's system. The suit was dismissed by the lower court from which action this appeal is prosecuted.

██ █ Appellants rely upon Section 28 of Chapter 494, Laws of 1950, which provides that all municipalities owning or operating any system or systems, "as defined in this act," may supply consumers residing outside of and within five miles of the corporate limits at a rate not to exceed twice the amount charged for such services within the municipality, and it is argued that since no sewer charge is made against persons residing within the municipality, the City cannot charge anything to those residing outside the City. We do not think that said Section 28 has any application here. The system defined in the act is not such a system as is here involved. The act is quite lengthy, but its general scheme is for the construction of public utility systems, including both water supply systems, sewerage systems and sewage disposal systems, by the issuance of revenue bonds to be retired out of the revenues derived from the operation of the systems. Such is not the system with which we are here dealing and the limitation of the sewer charge provided by Section 28 of the act has no application here.

By Section 112, Chapter 491, Laws of 1950, every municipality is granted the power to purchase and hold real estate, either within or without the City, for all proper municipal purposes including sewers. By Section 116 of the same act municipalities are granted the power to regulate the connection of all property with sewers and drains, and by Section 129 of the same act they are granted full jurisdiction in the matter of sewers. The sewer line in question within the city limits was constructed by the City at a cost of approximately $500,-000.00 and was paid for, not by revenue bonds, but by a direct levy of taxation upon the property owners of the City. The appellants paid no part of the cost thereof and are not entitled to share in the use thereof without compensation to the City, and cannot, by injunctive relief, prevent the City from disconnecting its line from their line at the city limits and plugging the city line. It is clear that the statute gives the City full power in the regulation which it has adopted, and the decree appealed from will therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.